**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUZ MILA MUNOZ SALAZAR; MARIA DEL ROSARIO FRIAS MUNOZ, <br><br> Petitioners, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  19-73166 <br><br> Agency Nos.  A092-892-280 <br> A213-089-116 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021[**]
Pasadena, California

Before:  KLEINFELD, HIGGINSON,[***] and OWENS, Circuit Judges.

Petitioners Luz Mila Munoz Salazar and Maria Del Rosario Frias Munoz,

natives and citizens of Mexico, petition for review of the Board of Immigration

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Appeals' ("BIA") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Substantial evidence review requires us to uphold the BIA's decision unless the evidence in the record compels a conclusion to the contrary. *Parada v. Sessions*, 902 F.3d 901, 908-09 (9th Cir. 2018). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

For Petitioners' asylum and withholding of removal claims, the record does not compel a conclusion contrary to the BIA's determination that Petitioners failed to show persecution on account of or because of their membership in the particular social group of "family members of Antonio Frias Rodriguez." *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (stating that to establish prima facie eligibility for asylum or withholding of removal based on a particular social group, an applicant's burden includes showing "a risk of persecution on account of his membership in the specified particular social group," which "is often referred to as the 'nexus' requirement" (citation omitted)).

In their opening brief, Petitioners do not meaningfully challenge the BIA's determination that they failed to establish their eligibility for CAT protection, and therefore they have waived that issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052

2

(9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

**PETITION FOR REVIEW DENIED**.